UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**OLALEKAN SHERIFF RAJI,**

      **Plaintiff,**

  v.                                     **Civil Action 2:21-cv-5227**
                                                      **Judge Sarah D. Morrison**
**THE EMBASSY OF THE FEDERAL**              **Magistrate Judge Chelsey M. Vascura**
**REPUBLIC OF BENIN,**

      **Defendant.**


**ORDER and REPORT AND RECOMMENDATION**

Plaintiff, Olalekan Sheriff Raji, an Ohio resident proceeding without the assistance of counsel, has submitted a request to file a civil action *in forma pauperis*. (ECF No. 1.)  The Court **GRANTS** Plaintiff's request to proceed *in forma pauperis*.  All judicial officers who render services in this action shall do so as if the costs had been prepaid.  28 U.S.C. § 1915(a).  This matter is also before the Court for the initial screen of Plaintiff's Complaint as required by 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  Having performed the initial screen, for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's action pursuant to 28 U.S.C. § 1915(e)(2) for failure to assert any claim over which this Court has subject-matter jurisdiction.

I.       STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e), the federal *in forma pauperis* statute, Courts must *sua sponte* dismiss an action upon determining that an *in forma pauperis* complaint fails to state a claim on which relief can be granted. Thus, a typical initial screen involves consideration of the merits of the claims asserted. In this case, however, upon review of Plaintiff's Complaint, the undersigned determines that it is unnecessary to consider the merits of the claims he advances because this Court lacks subject-matter jurisdiction to hear such claims. When the face of the complaint provides no basis for federal jurisdiction, the Court may dismiss an action as frivolous and for lack of subject-matter jurisdiction under both 28 U.S.C. § 1915(e)(2)(B) and Federal Rule of Civil Procedure 12(h)(3). *Williams v. Cincy Urban Apts.*, No. 1:10-cv-153, 2010 WL 883846, at *2 n.1 (S.D. Ohio Mar. 9, 2010) (citing *Carlock v. Williams*, 182 F.3d 916, 1999 WL 454880, at *2 (6th Cir. June 22, 1999) (table)).

II.       ANALYSIS

Plaintiff's Complaint seeks an order "to summon The Embassy [of the] Federal Republic of Benin at 2124 Kalorama Road, NW Washington, D.C. 20008 as an institutional representative of the government of the Federal Republic of Benin for unlawful detention of the Yoruba Nation activist, Mr. Sunday Adeyemo Igboho . . . ." (Compl. 1, ECF No. 1-1.) Thus, Plaintiff's claims are, in substance, against the government of Benin—a foreign state.

Suits against foreign states are governed by the Foreign Sovereign Immunities Act, 28 U.S.C. § 1062, *et seq.* (the "FSIA"), which is "the sole basis for obtaining jurisdiction over a foreign state in our courts." *Argentine Republic v. Amerada Hess Shipping Corp.*, 488 U.S. 428, 434 (1989). "Under the FSIA, a foreign state is presumptively immune from suit unless a specific exception applies." *Permanent Mission of India to the United Nations v. City of New York,* 551 U.S. 193, 197 (2007) (citing 28 U.S.C. § 1604 and *Saudi Arabia v. Nelson,* 507 U.S.

349, 355 (1993)); *see also Republic of Austria v. Altmann*, 541 U.S. 677, 691 (2004) ("'At the threshold of every action in a district court against a foreign state, . . . the court must satisfy itself that one of the exceptions applies,' as 'subject-matter jurisdiction in any such action depends' on that application.") (quoting *Verlinden B.V. v. Central Bank of Nigeria*, 461 U.S. 480, 486 (1983)).

Plaintiff's Complaint does not contain factual allegations on which the undersigned could rely to conclude that an exception applies to the FSIA's grant of immunity. Plaintiff seeks an order compelling Benin to answer for its allegedly improper detention of a political prisoner. The alleged improper conduct is thus governmental in nature and falls outside any of the FSIA's exceptions to sovereign immunity. *See Nelson*, 507 U.S. at 361 (Saudi Arabia immune under the FSIA from claims arising out of plaintiff's wrongful arrest, imprisonment, and torture, because the alleged conduct "boils down to abuse of the power of its police by the Saudi Government, and however monstrous such abuse undoubtedly may be, a foreign state's exercise of the power of its police has long been understood . . . as peculiarly sovereign in nature"); *see also Glob. Tech., Inc. v. Yubei (XinXiang) Power Steering Sys. Co.*, 807 F.3d 806, 812 (6th Cir. 2015) ("[A] foreign nation 'is immune from the jurisdiction of foreign courts as to its sovereign or public acts (*jure imperii*), but not as to those that are private or commercial in character (*jure gestionis*).'") (quoting *Nelson,* 507 U.S. at 359–60).

In sum, because Benin is presumptively immune from suit in the United States under the FSIA, and because Plaintiff's allegations do not support the application of any exception to the FSIA's grant of immunity, it is **RECOMMENDED** that the Court **DISMISS** this action for failure to assert any claim over which this Court has subject-matter jurisdiction.

### III. DISPOSITION

Plaintiff's Motion for Leave to Proceed *in forma pauperis* (ECF No. 1) is **GRANTED**. For the foregoing reasons, it is **RECOMMENDED** that Plaintiff's claims be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2) and Federal Rule of Civil Procedure 12(h)(3).

### PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE